IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DEREK AGUILERA, | Case No. 25-cv-00485-DKW-RT |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**[1] |
| vs. | |
| KAUAI COUNTY, | |
| Defendant. | |

On December 30, 2025, Defendant Kauai County ("the County") moved to dismiss *pro se* Plaintiff Derek Aguilera's building code-related Complaint, Dkt. No. 1, asserting that Aguilera's claims were not ripe, and the Court therefore lacked jurisdiction, Dkt. No. 9. Having reviewed the Complaint, the parties' briefs, and relevant authority, the Court agrees that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED with leave to amend, as described below.

## FACTUAL & PROCEDURAL BACKGROUND

### I. The Complaint

On October 6, 2023, Aguilera purchased real property located at 5691A Hauaala Rd, Kapaa, HI 96746 ("the Property"). Dkt. No. 1 ¶ 6. Prior to his purchase,

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

Aguilera reviewed county records that showed the Property had a 2015 Certificate of Occupancy, demonstrating its compliance with building inspections for foundation, framing, drywall, electrical, and plumbing. *Id*. ¶¶ 7–10. The Property's flood elevation certificate was marked as "WAIVED" on July 2, 2015. *Id*. ¶ 11. On February 28, 2023, the County Planning Department issued a letter stating that there were no notices of violations of County building or zoning codes on the Property. *Id*. ¶ 13. It was with this background in mind that Aguilera purchased the Property. *Id*. ¶ 29.

In November 2023, the County received an anonymous complaint about the Property. *Id*. ¶ 14. The County then sent Aguilera a notice claiming that the 2015 Certificate of Occupancy had been "reversed" on August 26, 2015, and that the lower levels of the Property violated flood zone regulations. *Id*. ¶¶ 15–16. The County demanded that Aguilera remove the cabinets, countertops, electrical, and plumbing from the Property's lower level in order to bring it into compliance. *Id*. ¶ 17–18, 23. The purported flood zone violations, though, were not reflected in the County records, nor were they enforced against the previous owners of the Property over a 10-year period. *Id*. ¶¶ 19–21. According to Aguilera, the County "admitted it made a mistake in 2025" with respect to the Property's zoning and/or code violations, which are now expected to cost Aguilera "approximately $2 million", including lost rental value and modification costs. *Id*. ¶¶ 22-23, 25.

## II.    Procedural History

On November 17, 2025, Aguilera initiated this action.  Dkt. No. 1.  Aguilera claims that, pursuant to 42 U.S.C. § 1983, his constitutionally-protected property interest in the Property has been violated by the County's failure to provide accurate building records.  *Id*. ¶¶ 26–39.  Aguilera demands a declaratory judgment stating that the Property "has no code violations and is in compliance with all applicable building codes and regulations," compensatory damages pursuant to Section 1983, and "compensation for a regulatory taking of property."  *Id*. at ¶ 39.

On December 30, 2025, the County moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that (1) Aguilera's procedural due process and regulatory takings claims are not ripe because Aguilera has not alleged that a deprivation of his property interest has occurred or that the County has taken or made anything resembling a final action or decision against the Property; and (2) the Court should decline to exercise supplemental jurisdiction over Aguilera's request for declaratory judgment because once Aguilera's federal claims are dismissed, only novel issues of County law would remain.  Dkt. No. 9-1.  Aguilera opposes, substantially repeating the allegations of his Complaint,[2] Dkt. No. 13, which

---

[2]In his opposition brief, Aguilera also asserts claims of equal protection, substantive due process, equitable estoppel, and waiver for the first time.  Dkt. No. 13 at 15–21.  Aguilera's Complaint does not raise these claims, which means the Court will not address them further.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[I]n determining the propriety of a [motion to dismiss], a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted));

prompted the County to reply that Aguilera has failed to meaningfully respond to its arguments in favor of dismissal.  Dkt. No. 17.

## STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought pursuant to Rule 12(b)(1).  Once challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation marks and citation omitted).

A Rule 12(b)(1) motion may contain either a facial or a factual attack.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  Because subject matter jurisdiction concerns the power of the Court to hear the case, "when a federal court concludes that it lacks

---

*Sakala v. BAC Home Loans Servicing, LP*, 2011 WL 719482, at *5 (D. Haw. Feb. 22, 2011) (holding that claims alleged for the first time in opposition brief "are disregarded for purposes of ruling" on the motion to dismiss "[b]ecause the Complaint, even liberally construed, does not raise any of these claims").

subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Id.* at 1131 (citation and internal quotation marks omitted). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542

U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I.    Ripeness

The County argues that the Court lacks jurisdiction over Aguilera's procedural due process and regulatory takings claims because they are not yet ripe. Dkt. No. 9-1 at 5.  The Court agrees.

The Supreme Court has held that "[a] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."  *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180 (2019).  This is because the factors involved in a takings claim "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."  *Id*. at 190–91.  Accordingly, a plaintiff seeking to pursue a regulatory takings claim "in federal court against states and their political subdivisions" must first "obtain a final decision regarding the application of the regulation to the property at issue before the government entity charged with its implementation."  *Kamaole Pointe*

*Dev. LP v. Cnty. of Maui*, 2008 WL 5025004, at *5 (D. Haw. Nov. 25, 2008).  The Ninth Circuit has applied the same final decision requirement to procedural due process claims concerning land use.  *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1456 (9th Cir. 1987) (concluding that procedural due process claim was unripe because the city-defendant had "not yet made a final decision regarding the property").

"A final decision requires at least: (1) a rejected development plan, and (2) a denial of a variance."  *Herrington v. Cnty. of Sonoma*, 857 F.2d 567, 569 (9th Cir. 1988) (internal quotation marks omitted).  "A landowner may avoid the final decision requirement if attempts to comply with that requirement would be futile," but a showing of futility requires that the landowner "makes at least one meaningful application[]." *Id*.  "[P]rocedural due process claims may in certain land use contexts be ripe even [in] . . . the absence of a final decision regarding land use." *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 984 (9th Cir. 2011).  "However, such procedural due process claims ripen only when it is clear that a distinct deprivation of a constitutionally protected interest in liberty or property has already occurred." *Id*.

Here, Aguilera insists that his rights in the Property are under threat.  He does not, however, allege that any deprivation has actually taken place.  Aguilera alleges that the County issued a notice in November 2024 stating that a prior Certificate of

Occupancy had been reversed and informing Aguilera that he would need to renovate in order to bring the Property into compliance with local codes. Dkt. No. 1 ¶¶ 15–18. This same notice, however, which Aguilera attaches as Exhibit D to the Complaint, refers to any code violations as "apparent", signaling the tentative nature of any findings. Dkt. No. 1 at Exh. D. Moreover, more recent correspondence that Aguilera has had with the County in 2025 appears to refer to any violations as having been "resolved". Dkt. No. 1 at Exh. C ("I do see the Planning Department had a zoning violation for this property in 2023; however, our records reflect that the zoning violation was resolved"). In fact, in the same correspondence, the County refers to Aguilera's case as being "closed." *Id.* This exchange demonstrates precisely why the Supreme Court requires a "final" decision by the government before property rights claims like the ones asserted here may be brought to federal court.

Aguilera offers two counterarguments worth discussing. First, he asserts that the final decision requirement was overturned by the Supreme Court in *Knick v. Township of Scott*, 588 U.S. 180 (2019), claiming that the rule "imposed an unjustifiable burden on takings plaintiffs." Dkt. No. 13 at 15. Aguilera misunderstands *Knick*. In that case, the Supreme Court overruled a wholly different requirement for ripeness in a takings claim—namely, that a property owner may not bring a federal takings claim "until a state court has denied his claim for just

compensation under state law."  588 U.S. at 184.  This decision did not disturb the final-decision requirement announced in *Williamson*, *id*. at 205, and applied many times since.

Second, Aguilera claims in his opposition brief that he has "diligently pursued all available administrative avenues" to resolve his dispute with the County, including by "working with the County Engineering Department for nearly two years to explore the possibility of obtaining a variance" and "consulting with the [] County Council Chairman . . . regarding potential variance or grandfathering solutions."  Dkt. No. 13 at 4.  The Court construes these assertions as a futility argument, but there are a number of problems.  First, these allegations do not appear in the Complaint, and thus may not be considered in defense of a facial attack on subject matter jurisdiction.  *See Schneider*, 151 F.3d at 1197 n.1.  Second, even if the Court accepted Aguilera's representations, they do not demonstrate futility. Aguilera states only that he "explore[d] the possibility" or "consult[ed]" with County officials about obtaining a variance—he does not allege that he actually applied for one nor that his application was denied.  Dkt. No. 13 at 4.  Absent any showing of at least a "meaningful application," *Herrington*, 857 F.2d at 569, Aguilera is unable to demonstrate futility.

In this light, the Court grants the motion to dismiss for lack of jurisdiction. Because Aguilera "could conceivably cure these deficiencies," and because of his

*pro se* status, this dismissal is without prejudice and with leave to amend.  *Jones v. Rising Phoenix Holdings Corp.*, 2025 WL 2802180, at *7 (D. Haw. Oct. 1, 2025); *Lopez*, 203 F.3d at 1130.

## II.    Declaratory Judgment

The County further argues that, lacking jurisdiction over Aguilera's federal claims, the Court should decline to exercise supplemental jurisdiction over his request for declaratory judgment.  *See* 28 U.S.C. § 1367(c)(3).  The Court agrees.

Where, as here, all federal claims are dismissed before trial, the exercise of jurisdiction over any remaining state claim is a matter of the Court's discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right[; i]ts justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Although neither retention nor remand nor dismissal is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other*

*grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

Aguilera seeks a declaratory judgment stating that the Property has no code violations and is in compliance with all County building regulations.  Dkt. No. 1 ¶ 39.  Several factors persuade the Court that exercising jurisdiction over this claim is not appropriate at this time.  First, the underlying County dispute (if there is one) over the Property is neither apparent, nor resolved.  Entering the fray midstream creates the possibility or even likelihood of duplicative litigation and strongly counsels against exercising supplemental jurisdiction.  *See Harper v. Collection Bureau of Walla Walla, Inc.*, 2007 WL 9775628, at *3 (W.D. Wash. Dec. 4, 2007) (declining to exercise jurisdiction over request for declaratory judgment because an "underlying state collection action remain[ed] pending").  Second, the County departments entrusted with managing, implementing, and interpreting its regulations have not yet brought their final thoughts to bear on the problems described in Aguilera's Complaint.  If intervention by this Court is appropriate at some point, the Court would undoubtedly benefit from that input, whether or not it agrees.  And third, Aguilera's opposition brief provides no reason to exercise supplemental jurisdiction, beyond its reassertion of his claim that a declaratory judgment is needed.  Dkt. No. 13 at 24–25.

The Court thus exercises its discretion to decline supplemental jurisdiction over Aguilera's declaratory judgment claim, dismissing it without prejudice. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (explaining that, when declining to exercise supplemental jurisdiction, dismissal should be without prejudice).

## CONCLUSION

For the reasons set forth herein, the County's Motion to Dismiss the Complaint, Dkt. No. 9, is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to amend his pleadings, he must file an Amended Complaint that does not incorporate or rely on his previous filings no later than February 18, 2026. If no amended complaint is filed by that date, this action will be dismissed and closed without further notice.

IT IS SO ORDERED.

DATED: January 28, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

Derek Aguilera v. Kauai County; Civil No. 25-00485 DKW-RT; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**