IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DEREK AGUILERA, | Case No. 25-cv-00485-DKW-RT |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**[1] |
| vs. | |
| KAUAI COUNTY, | |
| Defendant. | |

On March 4, 2026, Defendant Kauai County ("the County") moved to dismiss *pro se* Plaintiff Derek Aguilera's Amended Complaint, Dkt. No. 20, asserting that Aguilera had—once again—failed to state a claim, Dkt. No. 21.  Having reviewed the Amended Complaint, the parties' briefs, and relevant authority, the Court agrees that dismissal is appropriate.  Accordingly, the motion to dismiss is GRANTED with leave to amend, as described below.

## FACTUAL & PROCEDURAL BACKGROUND

### I.      The Amended Complaint

In 2015, the County issued a Certificate of Occupancy for real property located at 5691A Hauaala Rd, Kapaa, HI 96746 ("the Property"), a residential

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

building with an upper and lower unit.  Dkt. No. 20 ¶¶ 7–10.  In February 2023, the County issued a letter stating that there were no violations of building or zoning codes on the Property.  *Id*. ¶ 13.  On October 6, 2023, Aguilera purchased the Property, relying on the County's representations and issuance of a Certificate of Occupancy.  *Id*. ¶¶ 14–16.

In November 2024, the County issued a "Notice of Apparent Violation" claiming that the Certificate of Occupancy had been "reversed" on August 26, 2015 due to purported violations of flood regulations.  *Id*. ¶¶ 17–18.  County records reflected that the Property's flood elevation certificate was marked as "WAIVED" on July 2, 2015, and neighboring properties at similar or lower elevations to the Property were not subject to enforcement action by the County.  *Id*. ¶¶ 33–34.  The County had not enforced the purported violations on any of the Property's prior owners over a ten-year period.  *Id*. ¶ 37.

Despite this, "[i]n December 2023," the County forced Aguilera to remove the cabinets, countertops, plumbing fixtures, and electrical components from the Property's lower unit, rendering the unit "uninhabitable and unusable as a rental dwelling."  *Id*. ¶¶ 19–21.[2]  This was done without a hearing or any opportunity for Aguilera to contest the removal.  *Id*. ¶¶ 22–23.  As a result, Aguilera lost the rental

---

[2] In his Amended Complaint, Aguilera alleges that County officials "caused the removal" of the fixtures in the Property's lower unit.  Dkt. No. 20 ¶ 19.  In his opposition, Aguilera clarifies that he, not the County, remove the fixtures, presumably due to a County order.  Dkt. No. 23 at 2.

value of the unit, approximately $4,000 per month for a total loss to date of more than $104,000.  *Id*. ¶¶ 26–27.  Aguilera was also forced to incur approximately $50,000 in various fees and expenses relating to the removal.  *Id*. ¶ 28.

## II.    Procedural History

On November 17, 2025, Aguilera initiated this action.  Dkt. No. 1.  On December 30, 2025, the County moved to dismiss, Dkt. No. 9-1, which the Court granted on January 28, 2026 with leave to amend.  On February 18, 2026, Aguilera filed his Amended Complaint, asserting 1) violation of his procedural due process rights under 42 U.S.C. § 1983; 2) a Fifth Amendment regulatory takings claim under Section 1983; and 3) a Fifth Amendment physical takings claim under Section 1983.[3]  Dkt. No. 20 ¶¶ 39–97.  Aguilera demands compensatory damages and a declaratory judgment stating that the Property "has no code violations" and that the enforcement action against the Property violated Aguilera's rights.  *Id*. at 10–11.

On March 4, 2026, the County moved to dismiss the Amended Complaint, arguing that Aguilera fails to state any claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and that his physical takings claim is vague and conclusory.

---

[3]Aguilera lists "Declaratory Judgment" as Count 4 of the Amended Complaint.  Dkt. No. 20 ¶¶ 98–113.  The County, however, argues that declaratory judgment is a remedy, not a cause of action, and should be dismissed.  Dkt. No. 21 at 9–10.  The Court agrees.  *See Rymal v. Bank of Am.*, No. 10-CV-00280 (DAE)(BMK), 2011 WL 6100979, at *12 (D. Haw. Dec. 6, 2011) ("[D]eclaratory relief is not an independent claim.").  Count 4 is dismissed without prejudice to Aguilera seeking declaratory relief as a remedy for his other claims.

Dkt. No. 21.  Aguilera opposes, responding that 1) Kaua'i County Code Chapter 15, which concerns flood management, established a County policy that violated his rights for the purposes of *Monell*, and 2) that the County's own records reflected that an improper taking had occurred because the Property had no code violations.  Dkt. No. 23.  Aguilera attaches to his opposition two Notices of Apparent Violation issued by the County, dated April 30, 2024 and November 22, 2024.  Dkt. No. 23-1.  The County replies, substantially repeating the grounds for dismissal.  Dkt. No. 25.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads

- 4 -

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Lopez*, 203 F.3d at 1131 ("[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant.") (citation and internal quotation marks omitted). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## **DISCUSSION**

### I. **Plausibility**

The County moves to dismiss on the grounds that Aguilera fails to state a claim. Dkt. No. 21. In addition to the arguments presented by the County, the Court finds that Aguilera's claims lack facial plausibility. *See Iqbal*, 556 U.S. at 678.

The issue arises from a discrepancy within Aguilera's Amended Complaint. In that pleading, Aguilera alleges that he was forced to remove the improvements from the Property's lower unit in "December 2023", presumably at the direction of the County. Dkt. No. 20 ¶ 19. That requirement had significant implications, as

there was not only cost involved in the removal Aguilera appears to have incurred, but it caused the loss of rental income and depreciated the value of the Property as a whole.  The date of this removal does not appear to be a mistake: Aguilera repeats December 2023 throughout the Amended Complaint.  *See, e.g.*, *id*. ¶¶ 12, 45, 54.  But Aguilera alleges elsewhere that he only received notice from the County of the Property's apparent code violations in *2024*.  *Id*. ¶ 17.  In fact, the County's Notices of Apparent Violation, which Aguilera attaches to his opposition brief, reflect that the County did not notify Aguilera of the purported flood regulation violations until April and November 2024.  *See* Dkt. No. 23-1.

This presents an obvious problem: if the County did not serve Aguilera with notice of an "apparent" violation until 2024, how then is it responsible for the consequences of Aguilera's removal of the lower-unit improvements in 2023?  The Notices themselves provide no answer.  In fact, they only serve to muddy the waters further, as they are only Notices of *Apparent* Violations, which do not actually order the alleged removals—rather, the Notices request only that Aguilera provide proof of compliance with County regulations.  Dkt. No. 23-1 at 3.  All of Aguilera's claims arise out of these alleged removals—if he cannot show that the removals were forced or in some manner, required, by the County, his claims invariably fail.

Accordingly, in light of above-noted discrepancy, the claims in the Amended Complaint lack facial plausibility and must be dismissed.  *See Openwave Messaging,*

*Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253 (WHO), 2016 WL 6393503, at *5 (N.D. Cal. Oct. 28, 2016) ("Courts may dismiss a claim as not plausible where its supporting factual allegations are contradictory.").

## II.    *Monell*

The County argues that Aguilera fails to state a claim against the County under *Monell*.  Dkt. No. 21.  The Court agrees.

Section 1983 claims against a local government, such as the County here, "can be brought only through a *Monell* claim."  *Est. of CMW v. Cnty. of Los Angeles*, No. 24-CV-00889 (DSF)(MAA), 2024 WL 4468004, at *6 (C.D. Cal. May 3, 2024). That can be accomplished in one of three ways.  First, a local government can be liable when it or a person with final policymaking authority within the local government expressly enacts or authorizes a policy respecting a challenged action.  *Monell,* 436 U.S. at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–483 (1986).  Second, a local government can be liable for a custom that, although not expressly enacted, is "so permanent and well settled", it operates with the force of law.  *Monell*, 436 U.S. at 691 (internal quotation marks omitted).  Third, a local government can be liable for the failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants. *City of Canton v, Harris*, 489 U.S. 378, 388 (1989).  A local government *cannot* be held liable under Section 1983 "*solely* because it employs a tortfeasor—or, in other

words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

Aguilera does not address *Monell* in his Amended Complaint. In his opposition brief, he vaguely refers to Chapter 15 of the Kaua'i County Code as containing evidence of an unconstitutional "policy, custom, or practice." Dkt. No. 23 at 4. There are two problems with this assertion. First, in assessing a motion to dismiss, courts will typically not consider facts raised for the first time in an opposition brief. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted)).

Second, even if it did, Aguilera never identifies a specific provision within Chapter 15, nor does he explain why or how that provision violated his rights. "To satisfy *Monell*'s requirements, a plaintiff must identify a policy or custom, connect the policy or custom to the city itself, and show that an injury was incurred because of the execution of that policy or custom." *See Bejarano v. Lynch*, No. 23-CV-1620 (WBS)(JDP)(P), 2025 WL 1400269, at *4 (E.D. Cal. May 14, 2025), *report and recommendation adopted*, 2025 WL 2709544 (E.D. Cal. Sept. 23, 2025) (citing *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006)). Here, Aguilera baldly states that "Chapter 15" includes the violating policy, but does not specify what that

policy entailed, what portion of it was unconstitutional, or why. *See Gutierrez v. Yee*, No. 16-CV-09509 (TJH)(PJWx), 2017 WL 11505980, at \*2 (C.D. Cal. July 25, 2017) ("To state a *Monell* claim, post-*Iqbal*, based on an unconstitutional policy, practice, or custom, a plaintiff must . . . explain how that policy, practice, or custom was deficient[.]").  Nor does Aguilera claim that Chapter 15 was incorrectly applied to him.  Accordingly, the Court grants dismissal for failure to state a claim pursuant to *Monell*.

## III.   Leave to Amend

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."  Fed.R.Civ.P. 15(a)(2).  Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted).  Nonetheless, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Aguilera has already been given one opportunity to amend his pleadings. In its prior order granting leave to amend, however, the Court focused primarily on the ripeness of Aguilera's claims, as opposed to the factual discrepancies or *Monell* issues noted above. Dkt. No. 19. Given the opportunity, Aguilera "could conceivably cure these deficiencies." *Jones v. Rising Phoenix Holdings Corp.*, 2025 WL 2802180, at *7 (D. Haw. Oct. 1, 2025). In light of this, and because of Aguilera's *pro se* status, this dismissal is without prejudice and with leave to amend. *Lopez*, 203 F.3d at 1130.

Should Aguilera wish to pursue his Section 1983 claims against the County, any amended pleading must contain plausible claims that meet the requirements of *Iqbal* and *Monell*.

## CONCLUSION

For the reasons set forth herein, the County's Motion to Dismiss the Complaint, Dkt. No. 21, is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to amend his pleadings, he must file an Amended Complaint that does not incorporate or rely on his previous filings

no later than June 5, 2026.  If no amended complaint is filed by that date, this action

will be dismissed and closed without further notice.

IT IS SO ORDERED.

DATED: May 15, 2026 at Honolulu, Hawaiʻi.



 /s/ Derrick K. Watson
_____
Derrick K. Watson
Chief United States District Judge

---

Derek Aguilera v. Kauai County; CV 25-00485 DKW-RT; **ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**